## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHERWYN ROCKE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>MONARCH RECOVERY MANAGEMENT, INC.,<br><br>Defendants. | Civil Case Number: 1:20-cv-11736<br><br>**CIVIL ACTION COMPLAINT** |

Plaintiff, SHERWYN ROCKE (hereinafter, "Plaintiff"), a Massachusetts resident, brings this Class Action Complaint by and through the undersigned attorneys against Defendant MONARCH RECOVERY MANAGEMENT, INC. (hereinafter, "Defendant") individually and on behalf of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this action on behalf of a class of Massachusetts consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and Mass. Gen. Laws Ch. 93A.

6. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a natural person and a resident of the State of Massachusetts and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

8. Defendant is a collection agency with its principal office located at 3260 Tillman Drive, Suite 75, Bensalem, Pennsylvania 19020 and its registered office located at 10965 Decatur Road, Philadelphia, Pennsylvania 19154.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, or

facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

12. Some time prior to February 12, 2020, an obligation was allegedly incurred to FIRST PREMIER BANK.

13. The FIRST PREMIER BANK obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal or family medical purposes.

14. The alleged FIRST PREMIER BANK obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

15. FIRST PREMIER BANK is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

16. At some point, FIRST PREMIER BANK or a purchaser, assignee, or subsequent creditor contracted the Defendant to collect the alleged debt.

17. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal or family medical purposes on behalf of creditors.

18. On or about February 12, 2020, Defendant sent to the Plaintiff a collection letter (the "Letter") regarding the alleged consumer debt. *See* **Exhibit A.**

19. Upon information and belief, the Letter was the first communication from the Defendant to the Plaintiff with regards to the alleged consumer debt.

20. Sometime after February 12, 2020, Plaintiff received the letter and read it.

21. The Letter provided Plaintiff with the following validation notice, in part:

    "Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid..."

22. Plaintiff, as would any least sophisticated consumer, read the above language and was left to believe that he was required to send notice of a dispute in writing; otherwise Defendant would assume the debt is valid.

23. Pursuant to §1692g of the FDCPA, within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall send the consumer a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

24. The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

25. Defendant confused and misled the Plaintiff by stating that notification of a dispute must be in writing.

26. Defendant's failure to provide Plaintiff with the statutory information they were entitled to caused the Plaintiff real harm.

27. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.  Plaintiff

was harmed by being subjected to deceptive and misleading collection practices, from which they had a substantive right to be free, by being subjected to the increased material risk of financial harm that Congress intended to prevent by enacting the FDCPA – to wit, that Plaintiff, influenced by misleading information, would make decisions that they may not have had they been given only truthful information, and by being deprived of a clear and concise understanding of their rights regarding how to dispute a debt.

28. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## CLASS ALLEGATIONS

29. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).  The class consists of (a) all individuals with addresses in the Commonwealth of Massachusetts (b) to whom Defendant (c) sent an initial collection letter attempting to collect a consumer debt owed to FIRST PREMIER BANK (d) which states "Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid." (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

30. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect debts.

31. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

32. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as ***Exhibits A,*** violate 15 U.S.C. §§ 1692e and 1692g.

33. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

34. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

35. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e and 1692g.

    (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the

        Defendant's common uniform course of conduct complained of herein.

(d)    **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)    **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

36. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

37. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

39. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5) and 1692e(10).

40. Pursuant to Section 15 U.S.C. §1692e of the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41. The Defendant violated said provision by using false, deceptive and misleading representations in connection with the collection of a debt in violation of 15 U.S.C. §1692e(10).

42. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

45. The Defendant violated said section by:

    - Failing to provide an accurate validation notice in violation of § 1692g(a)(4) and 1692g(a)(5).

    - Overshadowing Plaintiff's validation notice.

46. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**Mass. Gen. Laws Ch. 93A**
**(Claim On Behalf Of Plaintiff And The Class)**

47. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48. General Laws c. 93A, § 2(a), prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

49. The Massachusetts Attorney General is empowered to implement rules and regulations interpreting this provision. G. L. c. 93A, § 2(c).

50. The class consists of a) All consumers who have an address in the Commonwealth of Massachusetts b) to whom Defendant c) sent an initial collection letter attempting to collect a consumer debt owed to FIRST PREMIER BANK d) which states "Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid." e) which letter was sent on or after a date one year prior to the filing of this action and on or before

a date 21 days after the filing of this action.

51. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect debts.

52. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

53. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's practice, of calling consumers far in excess of two times per week, violates General Laws c. 93A, § 2 (a) and 940 Code Mass. Regs. 7.04(1)(f).

54. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

55. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

56. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (c)  **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(d) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's practice, of calling consumers far in excess of two times per week, violates General Laws c. 93A, § 2 (a) and 940 Code Mass. Regs. 7.04(1)(f).

(f) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(g) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(h) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

57. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also

appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

58. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

59. By reason thereof, Defendant is liable to the Plaintiff and the class for judgment that Defendant's conduct violated General Laws c. 93A, § 2 (a) and 940 Code Mass. Regs. 7.04(1)(f), statutory damages, trebled damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

    (a)    Awarding Plaintiff and the Class statutory damages;

    (b)    Awarding Plaintiff and the Class actual damages;

    (c)    Awarding Plaintiff and the Class costs of this Action, including reasonable attorneys' fees and expenses;

    (d)    Awarding pre-judgment interest and post-judgment interest; and

    (e)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: September 23, 2020

                        By:    <u>/s/ Kevin Crick</u>
                                Kevin Crick, Esq.
                                BBO:  680950
                                Rights Protection Law Group, PLLC

100 Cambridge St., Suite 1400  
Boston, MA 02114  
Phone: (617) 340-9225  
Fax: (888) 622-3715  
k.crick@rightsprotect.com  
*Attorney for Plaintiff*


/s/ Yitzchak Zelman\_\_\_\_  
Yitzchak Zelman, Esq.  
**Pro Hac Vice Application to be Filed**  
MARCUS & ZELMAN, LLC  
701 Cookman Avenue, Suite 300  
Asbury Park, New Jersey 07712  
(732) 695-3282 telephone  
(732) 298-6256 facsimile  
YZelman@marcuszelman.com  
*Attorneys for Plaintiff*