**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SHERWN ROCKE, individually and on behalf of all others similarly situated, | * * * |
| | * Case No.: 1:20-cv-11736-RWZ |
| Plaintiffs, | * |
| v. | * |
| | * |
| MONARCH RECOVERY | * |
| MANAGEMENT, INC., | * |
| | * |
| Defendant. | * |
| | * |

## <u>MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c) OF DEFENDANT, MONARCH RECOVERY MANAGEMENT, INC.</u>

NOW COMES Defendant, Monarch Recovery Management, Inc. by and through its undersigned counsel, and hereby submits the following Memorandum of Law in support of its Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).

Respectfully submitted,

THE DEFENDANT
MONARCH RECOVERY
MANAGEMENT, INC.

By its Attorneys,

Dated: January 15, 2021          MARGOLIS EDELSTIEN

*/s/ Ronald M. Metcho*
RONALD M. METCHO
Admitted Pro Hac Vice
220 Penn Avenue, Suite 305
Scranton, PA 18503
(570 342-4231 (p) – (570) 342-4841 (f)
rmetcho@margolisedelstein.com

CAMPBELL CONROY & O'NEILL, P.C.

*/s/ Joseph P. Mendes*

Joseph P. Mendes, BBO #691329
jmendes@campbell-trial-lawyers.com
CAMPBELL CONROY & O'NEILL, P.C.
1 Constitution Wharf, Suite 301
Boston, MA 02129
Tel. No. (617) 241-3000

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION…………………………………………………………………1

II.     STANDARD OF REVIEW……………………………………………….…..2

III.    ARGUMENT……………………………………………...…………………..3

    1.  Monarch's February 12, 2020 Initial Collection Letter Properly Informed Plaintiff
       That All Disputes Regarding The Validity of His First Premier Bank Debt Were To
       Be Made In Writing……………………………………………………....…3

IV.    CONCLUSION…………………………………………………………..7

## **CASES**

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)…………..………….2

Brady v. Credit Recovery Co., 160 F.3d 64 (1st Cir. 1998)…………………………………….5

Curran v. Cousins, 509 F.3d 36 (1st Cir. 2007)……………………………………..…….2

Glowacki v. Law Offices of Howard Lee Schiff, 2014 U.S. Dist. LEXIS 77194 (D. Mass. Jun. 5, 2014)………………………………………………………………………………6

Lu v. Menino, 98 F. Supp. 3d 93 (D. Mass. 2015)…………………………………………..2

Mills v. Turner, 2017 U.S. Dist. LEXIS 136887 (D. Mass. Aug. 25, 2017)………………....6

Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26 (1st Cir. 2008)………………………....2

Pollard v. Law Office of Mandy L. Sapulding, 766 F.3d 98 (1st Cir. 2014)……………….....5

Santiago v. Bloise, 741 F. Supp. 2d 357 (D. Mass. 2010)………………………………..2

Traut v. Quantum Servicing Corp., 2016 U.S. Dist. LEXIS 104180 (D. Mass. Aug. 4, 2016)…...2

## **STATUTES**

15 U.S.C. § 1692, et seq………………………………………………...……………1,5,6,7

15 U.S.C. § 1692e………………………………………………………………………1,3

15 U.S.C. § 1692e(2)....………………………………………e……………………1

15 U.S.C. § 1692e(5)....………………………………………e……………………1

15 U.S.C. § 1692e(10)...…………………………………………………………………1

15 U.S.C. § 1692g …………………………………………………………...…...3,6

15 U.S.C. § 1692g(a)……………………………………………...……………..1,3,5

15 U.S.C. § 1692g(a)(b)……………………………………………….……………4

15 U.S.C. § 1692g(a)(4)………....……………………………………...……...1

15 U.S.C. § 1692g(a)(5)………………...……………………………….…………1

## **FEDERAL RULES OF CIVIL PROCEDURE**

Federal Rule of Civil Procedure 12(c)…………………………………………………………..2,7

## I.      INTRODUCTION

On October 23, 2020 Plaintiff, Sherwyn Rocke (hereinafter referred to as "Plaintiff") filed an Amended Class Action Complaint in the United States District Court for the District of Massachusetts at docket number 1:20-cv-11736-RWZ alleging that an initial collection letter that he received from Defendant, Monarch Recovery Management, Inc. (hereinafter referred to as "Monarch") regarding a debt obligation owed by him to First Premier Bank violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").  Specifically, Plaintiff alleges in his Amended Class Action Complaint that Monarch's initial collection letter dated February 12, 2020 regarding a debt obligation owed by him to First Premier Bank violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10) and 1692g(a) by requiring that a dispute regarding the validity of the debt be made in writing.  (See ECF 9, page 4, paragraph 25 and pages 8 and 9).  On October 26, 2020 Monarch filed an Answer to Plaintiff's Amended Class Action Complaint denying each of Plaintiff's individual and class claims as it is Monarch's position that, via precedent from the United States Court of Appeals for the First Circuit and the District of Massachusetts, that disputes regarding the validity of debt obligations must be made in writing.  (See ECF 10).  Monarch now submits its Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 16(c) and the instant memorandum of law in support of its assertion that its February 12, 2020 initial collection letter did not violate 15 U.S.C. §§ 1692g(a)(4) or 1692g(a)(5) as the language of the letter placed Plaintiff on notice that all disputes regarding the validity of his First Premier Bank debt were to be made in writing.

## II.      STANDARD OF REVIEW

A Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) "is treated much like a Rule 12(b)(6) motion to dismiss." Traut v. Quantum Servicing Corp., 2016 U.S. Dist. LEXIS 104180, *5-6 (D. Mass. Aug. 4, 2016) citing Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008). A Motion for Judgment on the Pleadings is filed after the close of the pleadings and considers the factual allegations in both the complaint and the answer. Id. at 29; Santiago v. Bloise, 741 F. Supp. 2d 357, 360 (D. Mass. 2010). To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) the subject pleadings must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

In considering the merits of these motions, the Court must accept all factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff and treat any allegations in the answer that contradict the complaint as false. Lu v. Menino, 98 F. Supp. 3d 93, 94 (D. Mass. 2015). The Court may also consider certain documents when the documents' authenticity is not disputed by the parties, the documents are central to the plaintiff's claim or the documents are sufficiently referred to in the complaint. Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007).

## III.    ARGUMENT

### 1.    Monarch's February 12, 2020 Initial Collection Letter Properly Informed Plaintiff That All Disputes Regarding The Validity of His First Premier Bank Debt Were To Be Made In Writing.

In his Amended Class Action Complaint Plaintiff alleges that Monarch's initial collection letter dated February 12, 2020 violated 15 U.S.C. §§ 1692e and 1692g by requiring that disputes regarding the validity of Plaintiff's debt be made in writing.  (See ECF 9, pages 4,5 and 9).

15 U.S.C. § 1692e states as follows:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

See 15 U.S.C. § 1692e

15 U.S.C. § 1692g(a) states as follows:

(a)    Notice of Debt; Contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notified the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

See 15 U.S.C. § 1692g(a)

3

15 U.S.C. § 1692g(a)(b) states as follows:

(b)     Disputed Debts:

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

See 15 U.S.C. § 1692g(a)(b)

Monarch's February 12, 2020 initial collection letter regarding Plaintiff's First Premier

Bank debt contains the following paragraph:

Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid.  If you notify this office in writing within 30 days from receipt of this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment and mail it to you.  If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

See the Exhibit attached to Plaintiff's Amended Class Action Complaint (ECF 9).

In paragraph 22 of Plaintiff's Amended Class Action Complaint Plaintiff alleges that the

language contained in the above-referenced paragraph would leave him to believe that he was

required to send notice of a dispute in writing, otherwise Monarch would assume that the debt

was valid.  (See ECF 9, page 4, paragraph 22).  Similarly, in paragraph 25 of Plaintiff's

Amended Class Action Complaint, Plaintiff alleges that he was confused and misled by Monarch

stating that notification of a dispute must be in writing.  (See ECF 9, page 4, paragraph 25).
Plaintiff's Amended Class Action Complaint makes no allegations regarding requests for the
name and address of the original creditor and only makes reference to Monarch requiring that
disputes regarding the debt be made in writing.  (See ECF 9)  However, Monarch's February 12,
2020 initial collection letter followed the law of The First Circuit Court of Appeals and this
District and the language of the FDCPA requiring that a dispute regarding the validity of the debt
be made in writing.

In the matter of <u>Pollard v. Law Office of Mandy L. Sapulding</u>, 766 F.3d 98 (1st Cir.
2014), the United States Court of Appeals for the First Circuit affirmed a decision from the
United States District Court for the District of Massachusetts finding that a collection letter was
confusing under 15 U.S.C. § 1692g, although the letter at issue contained the required disclosure
under 15 U.S.C. § 1692g(a).  In its opinion, the Court stated that, "the letter does contain the
required section 1692g(a) disclosures, including a statement that the consumer may dispute the
debt ***in writing*** within thirty days."  <u>Id.</u> at **12-13 (emphasis added).

In <u>Brady v. Credit Recovery Co.</u>, 160 F.3d 64 (1st Cir. 1998), the Court reversed and
remanded the decision of the United States District Court for the District of Massachusetts
finding that the defendant was required to inform a mortgage company of an inquiry regarding
plaintiff's debt being disputed.  In its opinion, the Court of Appeals found that, "Under section
1692g(b), a consumer must dispute a debt ***in writing***, with an initial thirty-day period, in order to
trigger a debt validation process.  <u>Id.</u> at *67 (emphasis added).

In <u>Mills v. Turner</u>, 2017 U.S. Dist. LEXIS 136887 (D. Mass. Aug. 25, 2017) the District Court was faced with the question of whether or not a collection letter properly informed a debtor that she must dispute her debt in writing.  In finding that the collection letter at issue adequately informed the consumer that any disputes regarding the debt must be in writing, the Court found that, with respect to 1692g, the statute requires a debt collector to send a detailed validation notice to the debtor that includes a statement that if the consumer notifies the debt collector ***in writing*** within the thirty-day period that the debt, or any portion thereof, is disputed, the collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification of judgment will be mailed to the consumer by the debt collector. <u>Id.</u> at *17. (emphasis added).

In <u>Glowacki v. Law Offices of Howard Lee Schiff</u>, 2014 U.S. Dist. LEXIS 77194 (D. Mass. Jun. 5, 2014) the Court decided on cross motions for summary judgment regarding whether or not defendant violated the FDCPA by using oppressive, deceptive or unfair practices during its attempts to recover a debt obligation owed by Plaintiff. In ruling in favor of defendant in regard to plaintiff's FDCPA claims, the Court stated in its opinion that, "Under the FDCPA, a consumer must file a dispute ***in writing***, within thirty days of a receipt of a demand letter to trigger a debt validation process." <u>Id.</u> at *11.

In the instant matter, as provided above, the February 12, 2020 initial collection letter that Monarch sent to Plaintiff regarding his First Premier Bank complied with the FDCPA and the directives of the United States Court of Appeals for the First Circuit and the United States District Court for the District of Massachusetts requiring that a dispute regarding the validity of the debt be made in writing.  It is anticipated that Plaintiff will oppose this Motion with opinions from Courts of the Ninth and Fourth Circuits stating that disputes of debt obligations need not be

made in writing.  However, this matter was not filed in California, Arizona, South Carolina or West Virginia.  This matter was filed by Plaintiff in Federal Court in the Commonwealth of Massachusetts, where the First Circuit Court of Appeals and the District Court have consistently ruled that disputes regarding debt obligations be made in writing.  Therefore, it is Monarch's position that its initial collection letter complied with the requirements of the FDCPA, as interpreted by the Courts, whereby its Motion for Judgment on the Pleadings should be granted by this Honorable Court.

**IV.      CONCLUSION**

Defendant, Monarch Recovery Management, Inc. respectfully requests that this Honorable Court rule in its favor on the instant Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), dismissing Plaintiff's Amended Class Action Complaint, with prejudice, through a finding that the February 12, 2020 initial collection letter at issue did not violate the Fair Debt Collection Practices Act as the letter properly informed Plaintiff, Sherwyn Rocke, that a dispute regarding his First Premier Bank debt be made in writing.

Respectfully submitted,

THE DEFENDANT
MONARCH RECOVERY
MANAGEMENT, INC.

By its Attorneys,

MARGOLIS EDELSTIEN

*/s/ Ronald M. Metcho*
RONALD M. METCHO
Admitted Pro Hac Vice
220 Penn Avenue, Suite 305
Scranton, PA 18503
(570 342-4231 (p) – (570) 342-4841 (f)
rmetcho@margolisedelstein.com

7

CAMPBELL CONROY & O'NEILL, P.C.

*/s/ Joseph P. Mendes*
Joseph P. Mendes, BBO #691329
jmendes@campbell-trial-lawyers.com
CAMPBELL CONROY & O'NEILL, P.C.
1 Constitution Wharf, Suite 301
Boston, MA 02129
Tel. No. (617) 241-3000

8

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be served electronically on January 15, 2021 to the registered participants as identified in the Notice of Electronic Filing and by first-class mail, postage prepaid, on those identified as non-registered participants.

*/s/ Ronald M. Metcho*

*/s/ Joseph P. Mendes*