UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-CV-11736-RWZ

SHERWYN ROCKE, *individually and
on behalf of all others similarly situated*

v.

MONARCH RECOVERY MANAGEMENT, INC.

ORDER

April 20, 2021

ZOBEL, S.D.J.

Plaintiff alleges that defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692g *et seq.*, in its initial notice to him. In contravention of the statute, § 1692g(a)(3), defendant informed plaintiff that unless he notified defendant "in writing" that he disputed the validity of the debt, defendant would "assume that this debt is valid." (Docket # 9-1). That section, unlike other sections of the statute, does not require a debtor's simple denial of the validity of the alleged debt to be in writing.[1] Defendant has nonetheless moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(b)(c). (Docket # 20).

When discussing the requirements set forth in other provisions of the FDCPA, the First Circuit held that "the fact that other sections of the FDCPA—like § 1692g(b)— explicitly impose a writing requirement suggests that Congress's omission of such a

---

[1] See, e.g., 15 U.S.C. § 1692g(a)(4), which requires a debtor to dispute a debt in writing if he also seeks verification of the debt.

1

requirement in [other sections] was not inadvertent." Brady v. Credit Recovery Co., 160 F.3d 64, 66–67 (1st Cir. 1998). Consistent with this view, other circuits have declined to read a writing requirement into subsection (a)(3). See, e.g., Riccio v. Sentry Credit, Inc., 954 F.3d 582, 588 (3d Cir. 2020) ("The upshot: § 1692g(a)(3)'s plain meaning permits a debtor to dispute a debt orally."); Macy v. GC Servs. Ltd. P'ship, 897 F.3d 747, 758 n.9 (6th Cir. 2018) ("Congress distinguished between FDCPA protections that may be triggered orally (such as those in Section 1692g(a)(3)), and those that may only be invoked in writing (such as the ones in Sections 1692g(a)(4), (a)(5), and (b))."); Clark v. Absolute Collection Serv., 741 F.3d 487, 490 (4th Cir. 2014) (per curiam) ("Sections 1692g(a)(4), 1692g(a)(5), and 1692g(b) explicitly require written communication, whereas section 1692g(a)(3) plainly does not."); Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282, 286 (2d Cir. 2013) ("The language of § 1692g(a)(3) does not incorporate the writing requirement included specifically in other sections of the same statute."); Camacho v. Bridgeport Fin., Inc., 430 F.3d 1078, 1081 (9th Cir. 2005) ("If Congress had intended to impose a writing requirement in § 1692g(a)(3), it could have done so in the subsection itself, as it did in the later subsections of § 1692g(a).").

The motion for judgment on the pleadings, (Docket # 20) is therefore DENIED.

April 20, 2021
DATE

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE