IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHERWYIN ROCKE, *individually and on behalf of all others similarly situated,*<br><br>**Plaintiff,**<br><br>-against-<br><br>MONARCH RECOVERY MANAGEMENT, INC.,<br><br>**Defendant.** | Civil Case Number: 1:20-cv-11736-RWZ |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

Plaintiff, SHERWYIN ROCKE, by and through the undersigned counsel, hereby submits this statement pursuant to Local Rule 56.1 of the Local Rules of the United States District Court for the District of Massachusetts, to set forth the material facts as to which he contends there is no genuine issue to be tried:

1. In February of 2020, the Plaintiff received an initial Collection Letter dated February 12, 2020 from the Defendant. *See,* February 12, 2020 Collection Letter, annexed hereto as Exhibit A; Transcript of Plaintiff's Deposition, annexed hereto as Exhibit B, 13:11 – 14:1.

2. The Collection Letter referenced a credit card account that the Plaintiff had opened with First Premier Bank. *See,* Exhibit A.

3. The Collection Letter is what is called a 'T Letter' by the Defendant, which is Defendant's first communication with debtors like the Plaintiff. *See,* Transcript of Defendant's Deposition, annexed hereto as Exhibit C, 8:15 – 9:13.

4. When Plaintiff received the Collection Letter, he read the Letter in its entirety. *See,* Exhibit B, 14:8-13.

5. The Collection Letter advised Mr. Rocke that he owed $895.77 to First Premier Bank and that:

> Unless you notify this office **in writing** within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid."

*See,* Exhibit A (emphasis added).

6. Mr. Rocke did not believe he owed $895.77 to First Premier Bank. *See,* Exhibit B, 13:3-10.

7. Instead, Mr. Rocke acknowledges owing *some* money to First Premier Bank, but believes that the amount sought by First Premier Bank is inflated by several hundred dollars. *See,* Exhibit B, 13:3-10.

8. Upon receiving the Letter, Mr. Rocke would have disputed the debt over the phone, but he did not do so, specifically because the Letter said that all disputes have to be in writing. *See,* Exhibit B, 17:4-20.

9. Mr. Rocke did not know of any other way that he could effectively dispute the debt, based on what the Collection Letter told him. *See,* Exhibit B, 22:1-9

10. Mr. Rocke isn't a letter writer and didn't own stamps or envelopes, so he just gave up on trying to dispute the debt because of this extra hurdle imposed by the Defendant. *See,* Exhibit B, 23:18 – 24:11.

11. Plaintiff solely used the First Premier credit card to purchase personal and household items, such as gas and groceries, and did not use this account for any business purposes. *See,* Exhibit B, 11:20 – 12:4.

12. The Plaintiff is a "consumer" as that term is used and defined by the FDCPA. *See,* Defendant's Response to Plaintiff's Requests for Admission, annexed hereto as Exhibit D, page 3, Response to Request 14.

13. The Defendant is a "debt collector" as that term is used and defined by the FDCPA. *See,* Exhibit D, page 3, Response to Request 13.

14. Defendant's primary business purpose is the collection of debts owed to third parties, and Defendant regularly collects debts on behalf of third parties. *See,* Exhibit B, page 1, Response to Requests 1 and 2.

Dated:  March 15, 2022

                                                By: /s/ Yitzchak Zelman_____
Yitzchak Zelman, Esq. (YZ5857)
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732)695-3282
Fax:     (732)298-6256
Email: yzelman@MarcusZelman.com
*Attorneys for Plaintiff*