UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SHERWYN ROCKE**, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br>**v.**<br><br>**MONARCH RECOVERY MANAGEMENT, INC.**,<br><br>　　　　　　　Defendant. | Case No.:  1:20-cv-11736-RWZ |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56 BY DEFENDANT, MONARCH RECOVERY MANAGEMENT, INC.**

　　　　　　　　　　　　　　　　　　　　　　MARGOLIS EDELSTEIN

　　　　　　　BY:　*/s/ Ronald M. Metcho*
　　　　　　　　　　RONALD M. METCHO
　　　　　　　　　　220 Penn Avenue, Suite 305
　　　　　　　　　　Scranton, PA 18503
　　　　　　　　　　(570) 342-4231 p / (570) 342-4841 f
　　　　　　　　　　rmetcho@margolisedelstein.com
　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　Monarch Recovery Management, Inc.

Dated:  March 25, 2022

# **TABLE OF CONTENTS**

I.   FACTUAL AND PROCEDURAL HISTORY……………………………...………1

II.  STANDARD OF REVIEW…………………………………………………………….4

III. ARGUMENT…………………………………………………………………………5

    A. There is no evidence to show that Plaintiff suffered an "injury-in-fact" so as to establish Article III standing……………………………………………….....5

    B. Monarch did not use any false, deceptive or misleading representations in connection with the collection of Plaintiff's First Premier Bank debt………..10

    C. Monarch's February 12, 2020 initial collection letter properly placed Plaintiff on notice that disputes regarding his First Premier Debt and requests for the name and address of the original creditor had to be made in writing………...12

IV.  CONCLUSION……………………………………………………………….………15

# TABLE OF AUTHORITIES
# CASES

Age Kola v. Forster & Garbus LLP, 2021 U.S. Dist. LEXIS 172197 (S.D.N.Y. Sept. 10, 2021)……………………………………………………………………………………5,7

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)……………………………………………………………………………………...5

Ardino v. Lyons, 2011 U.S. Dist. LEXIS 143586 (D.N.J. Dec. 14. 2011)………………………13

Bankston v. Phycom Corp., 2008 U.S. Dist. LEXIS 83073 (N.D. Cal. Sept. 25, 2008)……...…13

Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1 (1st Cir. 2010)……………………….....4

Celotex v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed 2d 265 (1986)………………....4

Ciccone v. Cavalry Portfolio Servs., LLC, 2021 U.S. Dist. LEXIS 228037 (E.D.N.Y. Nov. 29, 2021)……………………………………………………………………………………….....5

Clapper v. Amnesty Int'l USA, 568 U.S. 398, 133 S.Ct. 1138, 185 L. Ed 2d 264 (2013)……..…5

Cohen v. Rosicki, Rosicki & Assocs., P.C., 897 F.3d 75 (2d Cir. 2018)………………………..11

Donohue v. Quick Collect, Inc., 592 F.3d 1027 (9th Cir. 2010)………………………………...11

Elyazidi v. SunTrust Bank, 780 F.3d 227 (4th Cir. 2015)……………………………………....11

Girdler v. Convergent Outsourcing, Inc., 2016 U.S. Dist. LEXIS (D. Mass. Dec. 29, 2016)…...12

Glowacki v. Law Offices of Howard Lee Schiff, O.C., 2014 U.S. Dist. LEXIS 77194 (D. Mass. 2014)……………………………………………………………………………………………4

Hahn v. Triumph P'ships LLC, 557 F.3d 755 (7th Cir. 2009)…………………………………..11

Hollingsworth v. Perry, 133 S. Ct. 2652, 186 L. Ed. 2d 768 (2013)…………………………....5,6

Illobre v. Fin. Recovery Servs., 2016 U.S. Dist. LEXIS 153525 (S.D.N.Y. Nov. 3, 2016)……..13

Jensen v. Pressler & Pressler, 791 F.3d 413 (3d Cir. 2015)…………………………….………11

Lujan v. Defs. Of Wildlife, 504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed 2d 351 (1992)…………...5

Macy v. GC Servs. Ltd. P'ship, 897 F.3d 747, 758 n.9 (6th Cir. 2018)…………………………14

Maddox v. Bank of New York Mellon Trust Co., No. 19-CV-1774, 2021 U.S. App. LEXIS 34056, 2021 WL 5347004 (2d Cir. Nov. 17, 2021)……………………………………………5

Miller v. Javitch, Block & Rathbone, 561 F.3d 588 (6th Cir. 2009)………………………......11

Mills v. Turner, 2017 U.S. Dist. ELXIS 137956 (D. Mass. July 10, 2017)……………………5

Parker v. CMRE Fin. Servs., 2007 U.S. Dist. LEXIS 82272 (S.D. Cal. Nov. 5, 2007)……...12,13

Pollard v. Law Office of Mandy L. Spaulding, 2014 U.S. App. LEXIS 17345 (1st Cir. 2014)……………………………………………………………………………………....5

Schaefer v. ARM Receivable Mgmt., 2011 U.S. Dist. LEXIS 77828 (D. Mass. July 19, 2011)……………………………………………………………………………………..10

Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016)……………………….......5,9

Sullivan v. Credit Control Servs., Inc., 745 F. Supp. 2d 2, 2010 WL 4183801 (D. Mass. 2010)……………………………………………………………………………………..10

Tekkoc v. Paula G. Kaplan Atty. at Law, 2018 U.S. Dist. LEXIS 59889 (D. N.J. Apr. 6, 2018)……………………………………………………………………………………..12

Terran v. Kaplan, 109 F.3d 1428 (9th Cir. 1997)…………………………………………...13

TransUnion, LLC v. Ramirez, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021)…………………...5,7,9

Wadsworth v. Kross, Liberman & Strone, Inc., 12 F.4th 665 (7th Cir. 2021)……………………8

Ward v. Nat'l Patient Account Servs. Sols., No. 20-5902, 2021 U.S. App. LEXIS 24369, 2021 WL 3616067, at *3 (6th Cir. Aug. 16, 2021)………………………………………….…..8

Waters v. J.C. Christensen & Assocs., 2011 U.S. Dist. LEXIS 41075 (D. Mass. Mar. 4, 2011)……………………………………………………………………………………..10

## STATUTES

15 U.S.C. § 1692, *et* seq………………………………………………………………………….……2

15 U.S.C. § 1692e………………………………………………………………..………….2,4,10,12

15 U.S.C. § 1692e(2)………………………………………………………………..……...…..2,10

15 U.S.C. § 1692e(5)………………………………………………………………..………...…2,10

15 U.S.C. § 1692e(10)……………………………………………………………..…………..2,10

15 U.S.C. § 1692g………………………………………………………………………….…..…12

15 U.S.C. § 1692g(a)(3)……………………………………………………………....…….13,14

15 U.S.C. § 1692g(a)(4)……………………………………………..………………..2,4,5,12,13,14,15

15 U.S.C. § 1692g(a)(5)……………………………………………………….…..2,12,13,14,15

## FEDERAL RULES OF CIVIL PROCEDURE

Fed.R.Civ.P. 12(c)…………………………………………………………………………....….3

Fed. R. Civ. P. 56……………………………………………………………………………1,4,15

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SHERWYN ROCKE**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MONARCH RECOVERY MANAGEMENT, INC.**,<br><br>Defendant. | Case No.: 1:20-cv-11736-RWZ<br><br>**DEFENDANT, MONARCH RECOVERY MANAGEMENT, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56** |

NOW COMES Defendant, Monarch Recovery Management, Inc., by and through its counsel, Margolis Edelstein, and hereby submits the following Memorandum of Law in support of its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, stating as follows:

I.   **FACTUAL AND PROCEDURAL HISTORY:**

On April 11, 2019 Monarch was engaged by First Portfolio Bank to recover a debt obligation owed by Plaintiff in the amount of $895.77. (See the Declaration of Diane Mazzacano, page 1, ¶ 2, which is attached hereto and marked as Exhibit "A"). Monarch sent Plaintiff an initial collection letter dated February 12, 2020 in an attempt to recover Plaintiff's First Premier Bank debt. (Exhibit "A", page , ¶ 3); (See Monarch's February 12, 2020 initial collection letter addressed to Plaintiff regarding his First Premier Bank debt which is attached hereto and marked as Exhibit "B"). Monarch's February 12, 2020 initial collection letter clearly and conspicuously informed Plaintiff that if he notified Monarch in writing within 30 days from receipt of the letter that the debt, or any portion thereof, was disputed, that Monarch would obtain verification of the debt or a copy of the judgment against him and that a copy of such verification or judgment would

1

be mailed to him. (Exhibit "A", page 1, ¶ 4); (Exhibit "B"). Similarly, Monarch's February 12, 2022 initial collection letter clearly and conspicuously informed Plaintiff that if he made a request to Monarch in writing within 30 days after receiving Monarch's letter that Monarch would provide him with the name and address of the original creditor, if different from the current creditor. (Exhibit "A", page 2, ¶ 5); (Exhibit "B"). At no time did Monarch receive a writing from Plaintiff disputing his First Premier Bank debt or requesting the name and address of the original creditor related to the debt. (Exhibit "A", page 2, ¶¶ 6-9); (See the transcript of the deposition of Plaintiff, page 17, ¶¶ 4-6, which is attached hereto and marked as Exhibit "C"); (See Plaintiff's answers and objections to Monarch's First Set of Interrogatories, answers to Interrogatories 6 and 8, which are attached hereto and marked as Exhibit "D").

On September 23, 2020 Plaintiff, Sherwyn Rocke (hereinafter "Plaintiff") filed a Class Action Complaint in the United States District Court for the District of Massachusetts at docket number 1:20-cv-11736-RWZ alleging that a letter that he allegedly received from Defendant, Monarch Recovery Management, Inc. (hereinafter "Monarch") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (See ECF 1). On October 23, 2020 Plaintiff filed an Amended Class Action Complaint alleging that Monarch's collection activity violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5) and 1692e(10) through Monarch's alleged use of false, deceptive and misleading representations in connection with collection of a debt obligation. (See ECF 1, page 8, ¶¶ 38-42). Plaintiff further alleges in his Class Action Complaint that Monarch's February 12, 2020 initial collection letter regarding his First Premier Bank debt violated 15 U.S.C. §§ 1692g(a)(4) and 1692g(a)(5) by allegedly failing to provide an accurate validation notice. (See ECF 1, page 9, ¶¶ 44-46, page 8, ¶¶ 44-47, page 9, ¶¶ 48-53). On October 26, 2020 Monarch filed an Answer to Plaintiff's Amended Class Action Complaint denying each of Plaintiff's individual

and class allegations.  (See ECF 10).  On January 21, 2021 Monarch filed  Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) regarding the claims in Plaintiff's Amended Class Action Complaint.  (See ECF 20).  On April 20, 2021 the Honorable Judge Rya W. Zobel issued an Order denying Monarch's Motion for Judgment on the Pleadings. (See ECF 24).  Thereafter the parties engaged in and completed written discovery and engaged in the depositions of Plaintiff and Monarch's corporate representative.  On January 28, 2022 the parties engaged in an unsuccessful mediation before the Honorable Magistrate Judge Jennifer C. Boal due to counsel for Plaintiff refusing to provide an exact amount of the fees and costs associated with litigating the matter.  On February 17, 2022 the parties participated in a status conference before the Honorable District Judge Rya W. Zobel where it was agreed that the parties would file cross motions for summary judgment by March 18, 2022 with oppositions due by April 1, 2022.  On March 18, 2022 Monarch filed a Consent Motion for an extension of time for the parties to submit their cross motions for summary judgment.  (See ECF 44).  On the same date Judge Zobel issued an Order granting the Consent Motion for an extension of time to March 28, 2022 for the parties to file cross motions for summary judgment.  (See ECF 45).

Monarch submits the following Memorandum of Law in support of its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 arguing (1) that there is no evidence that Plaintiff suffered a concrete or particularized injury whereby Plaintiff lacks Article III standing and the Court lacks subject matter jurisdiction over the matter, (2) that there is no evidence of Monarch making any false, deceptive or misleading representations in connection with the collection of Plaintiff's debt in violation of 15 U.S.C. § 1692e(10), and (3) that the record in this matter reflects that Monarch's February 20, 2020 initial collection letter regarding Plaintiff's First Premier Bank debt did not violate 15 U.S.C. §§ 1692g(a)(4) or 1692g(a)(5) as the letter properly informed Plaintiff that disputes and requests for the name and address of the original creditor regarding his First Premier Debt had to be made in writing. Thus, it is Monarch's position that summary judgment should be granted in favor of Monarch whereby the claims in Plaintiff's Amended Class Action Complaint should be dismissed, with prejudice.

## II.   STANDARD OF REVIEW:

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Glowacki v. Law Offices of Howard Lee Schiff, O.C., 2014 U.S. Dist. LEXIS 77194, *4 (D. Mass. 2014); Fed. R. Civ. P. 56(a). The movant bears the burden of demonstrating the absence of a genuine issue of material and, if the movant meets its burden, the non-moving party may not rest on the allegations or denials in its pleadings but must demonstrate that the trier of fact could reasonably resolve that issue in her favor. Celotex v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed 2d 265 (1986); Murray v. Warren Pumps, LLC, 821 F.3d 77, 83 (1st Cir. 2016); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 5 (1st Cir. 2010). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment

as the requirement is that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The Court views the record in light most favorable to the non-movant and draws reasonable inferences in their favor. Noonan v. Staples, Inc., 556 F.3d 20, 25 (1st Cir. 2009).

### III. ARGUMENT:

#### A. There is no evidence to show that Plaintiff suffered an "injury-in-fact" so as to establish Article III standing.

Article III standing requires the plaintiff to show (1) an injury in fact, (2) a causual connection between that injury and the conduct at issue, and (3) a likelihood that the injury will be redressed by a favorable decision. See Mills v. Turner, 2017 U.S. Dist. ELXIS 137956, *27 (D. Mass. July 10, 2017) citing Clapper v. Amnesty Int'l USA, 568 U.S. 398, 133 S.Ct. 1138, 1147, 185 L. Ed 2d 264 (2013); Ciccone v. Cavalry Portfolio Servs., LLC, 2021 U.S. Dist. LEXIS 228037 (E.D.N.Y. Nov. 29, 2021) citing Maddox v. Bank of New York Mellon Trust Co., No. 19-CV-1774, 2021 U.S. App. LEXIS 34056, 2021 WL 5347004, at *3 (2d Cir. Nov. 17, 2021) quoting Lujan v. Defs. Of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L Ed 2d 351 (1992). To demonstrate injury in fact, a plaintiff must show the invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical.

A concrete harm must have a "'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." Age Kola v. Forster & Garbus LLP, 2021 U.S. Dist. LEXIS 172197, *12 (S.D.N.Y. Sept. 10, 2021) citing TransUnion, LLC v. Ramirez, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021) quoting Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016); Pollard v. Law Office of Mandy L. Spaulding, 2014 U.S. App. LEXIS 17345, *102 (1st Cir. 2014) citing Hollingsworth v. Perry, 133 S. Ct. 2652, 2661, 186 L. Ed. 2d 768 (2013). Tangible harms, including "[m]onetary harms" are among those that "readily qualify

5

as concrete injuries under Article III." Id. Intangible harms also may be concrete, provided they satisfy the "close relationship" analysis, in which the "inquiry is whether plaintiffs have identified a close historical or common-law analogue for their asserted injury." Id.

Regarding statutory harms, courts may not assume that the existence of a statutory prohibition or obligation automatically elevates that prohibition or obligation to a harm that is concrete under Article III. Id. at 2204-05. An important difference exists between a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and a plaintiff's suffering concrete harm because of the defendant's violation of federal law." Id. at 2205. To establish standing a plaintiff must not only show that the defendant's conduct violated a statute, but that the plaintiff was *concretely harmed* by a defendant's statutory violation. Id.

In his Amended Class Action Complaint Plaintiff alleges that he was confused and misled by Monarch's February 12, 2020 initial collection letter. (ECF 9 page 4, ¶ 25). Plaintiff also alleges that she was harmed by an alleged statutory violation of the FDCPA by Monarch allegedly failing to provide him with statutory information that he was allegedly entitled to. (ECF 9, page 4, ¶ 26). Plaintiff alleges that Monarch's alleged statutory violations caused him "real harm." (ECF 9, page 5, ¶ 26). However, the record that has been established in this matter shows that there is no evidence of Plaintiff being harmed by Monarch's collection activity or Monarch's February 12, 2020 initial collection letter.

During his deposition which took place on August 17, 2021 Plaintiff was unable to testify as to when he received and read Monarch's February 12, 2020 initial collection letter. (Exhibit "C", page 14, ¶¶ 2-16); (Exhibit "D", answers to Interrogatories 4 and 5). When asked if he had lost any money as a result of his alleged receipt and reading of Monarch's February 12, 2020 initial collection letter Plaintiff testified, "No money was lost when I received it." (Exhibit "C", page 30, ¶¶ 16-19). Plaintiff further testified that he was not harmed physically, that he did not seek any type of medical assistance or take any type of medication, that he was not harmed financially, that he did not spend any money, that he did not lose any sleep and that he did not suffer any emotional harm as a result of Monarch's collection activity. (Exhibit "C", page 26, ¶¶ 13-25, page 27, ¶¶ 17-24).[1]

Regarding Plaintiff's potential argument that Article III standing is established through his alleged intangible harms of being confused and misled by Monarch's February 12, 2020 initial collection letter, the Age Kola v. Forster & Garbus LLP matter is instructive. In Age Kola the Plaintiff attempted to establish Article III standing by arguing that she was confused and misled as to the amount of her debt that was owed. 2021 U.S. Dist. LEXIS 172197 at *18. The Court found that, "contrary to Plaintiff's argument, merely receiving a letter from a debt collector that was confusing or misleading as to the amount owed does not demonstrate a harm closely related to fraudulent or negligent misrepresentation – both of which require some form of reliance – where the recipient's financial condition made the amount of money owed irrelevant." Id. The Court found that the Plaintiff failed to allege a concrete injury that would be cognizable under TransUnion because Plaintiff failed to establish that she relied on the letter in making a decision

---

[1] It must be noted that during Plaintiff's August 17, 2021 deposition counsel for Plaintiff stipulated to the fact that Plaintiff was not seeking actual damages from Monarch regarding its collection activity or its February 12, 2020 initial collection letter, further indicating that Plaintiff was not harmed by Monarch's collection activity. (Exhibit "C", page 31, ¶¶ 5-16) (Exhibit "D", answer to Interrogatory number 25).

7

regarding paying the debt and that there was not a misrepresentation of the amount Plaintiff would have to pay to satisfy the debt. Id. The Court, following Ward v. Nat'l Patient Account Servs. Sols., No. 20-5902, 2021 U.S. App. LEXIS 24369, 2021 WL 3616067, at *3 (6th Cir. Aug. 16, 2021) found that confusion is not a concrete injury for Article III purposes. Id. Finally, the Court ruled that Plaintiff's receiving of a collection letter causing her to call her lawyer and file a lawsuit was not a concrete injury as it would "completely swallow the standing analysis under Article III. Id. citing Ward, 2021 U.S. App. LEXIS 24369, 2021 WL 3616067, at *4.

      Other Federal Courts have ruled similarly on the issue of confusion not constituting an injury in fact so as to confer Article III standing. In Wadsworth v. Kross, Liberman & Strone, Inc., 12 F.4th 665 (7th Cir. 2021) the plaintiff alleged that the defendant violated the FDCPA and suffered emotional distress by failing to place her on notice of her statutory rights within five days or the initial communication and by failing to identify itself as a debt collector attempting to collect a debt. The Court ruled that injuries without harm, such as anxiety, annoyance, confusion, embarrassment, aggravation, humiliation, mental anguish, and emotional distress are not enough to satisfy Article III. Id. at 666-67. The Seventh Circuit noted that the "complaint merely alleges that she 'has suffered, and continues to suffer, personal humiliation, mental anguish and emotional distress'" which was not enough to establish Article III standing.

Regarding Plaintiff's likely argument that a statutory violation provides for Article III standing, the Supreme Court in the TransUnion matter stated that, "this Court has rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. 141 S. Ct. at *2205, 210 L. Ed. 2d 568, at *585 citing Spokeo, 578 U.S., at 341, 136 S. Ct 1540, 194 L. Ed 2d 635 ("Article III standing requires a concrete injury even in the context of a statutory violation.").

In the current matter, Plaintiff merely alleges that the content of Monarch's February 12, 2020 initial collection letter violated the FDCPA and that he was confused and misled by an alleged inaccuracy regarding the balance of the debt. (ECF 9, page 4, ¶ 25) (Exhibit "C", page 13, ¶¶ 3-10). However, Plaintiff testified that he did not suffer any physical, financial or emotional harm from Monarch's collection activity or Monarch's February 12, 2020 initial collection letter. (Exhibit "C", page 26, ¶¶ 13-25, page 27, ¶¶ 17-24).

Pursuant to the Supreme Court's rulings in TransUnion and Spokeo, a violation of a statute, such as the FDCPA, does not satisfy Plaintiff's injury-in-fact requirement. Moreover, mere confusion is not a concrete injury for Article III purposes and Plaintiff has not provided any evidence of suffering any type of harm or his alleged harm being analogous to any type of common law claim. Thus, as Plaintiff has failed to provide any evidence of suffering an injury-in-fact or a concrete and particularized harm in relation to Monarch's collection activity or its February 12, 2020 initial collection letter, there is no genuine issue of material fact regarding Plaintiff having adequate Article III standing to continue to maintain this matter in Federal Court whereby summary judgment should be granted in Monarch's favor and Plaintiff's Amended Class Action Complaint should be dismissed, with prejudice.

### B. Monarch did not use any false, deceptive or misleading representations in connection with the collection of Plaintiff's First Premier Bank debt.

In his Amended Class Action Complaint Plaintiff alleges that Monarch violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5) and 1692e(10) by allegedly using false, deceptive and misleading representations in connection with the collection of Plaintiff's First Premier Bank debt. (ECF 9, page 8, ¶¶ 38-42). The FDCPA prohibits a debt collector from using any false, deceptive or misleading representations or means in connection with the collection of any debt including falsely representing the character, amount or legal status of any debt. Schaefer v. ARM Receivable Mgmt., 2011 U.S. Dist. LEXIS 77828, *8 (D. Mass. July 19, 2011); 15 U.S.C § 1692e. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer. Waters v. J.C. Christensen & Assocs., 2011 U.S. Dist. LEXIS 41075, *23 (D. Mass. Mar. 4, 2011); Sullivan v. Credit Control Servs., Inc., 745 F. Supp. 2d 2, 2010 WL 4183801, at *3 (D. Mass. 2010); 15 U.S.C. § 1692e(10). Here, Plaintiff alleges that Monarch violated 15 U.S.C. § 1692e and its subdivisions by allegedly requiring that disputes regarding his First Premier Bank debt be made in writing. However, the record established in this matter shows that Plaintiff made no effort to dispute his debt verbally or in writing whereby the language in the February 12, 2020 initial collection letter had no effect on Plaintiff's behavior in disputing his debt.

During his August 17, 2021 deposition, when asked if he disputed his debt in writing Plaintiff testified, "I did not." (Exhibit "C", page 23, ¶¶ 14-16). Similarly, Plaintiff testified that at no time did he place a telephone call to Monarch to dispute the debt verbally. (Exhibit "C", page 25, ¶¶ 1-3). Plaintiff testified that he was not able to dispute his First Premier Bank debt in writing as he did not have stamps or letters available to send Monarch a writing. (Exhibit "C", page 23, ¶¶ 18-22). However, Monarch's February 12, 2020 initial collection letter contained both

a mailing address and an email address for Monarch for Plaintiff to utilize to contact Monarch to dispute his debt. (Exhibit "B"). It is hard to believe that Plaintiff, a college student studying business administration at MassBay Community College and a business manager at Mass General Brigham, would not have access to stamps or letters and would not be able to send Monarch an email disputing his debt if he did actually dispute the debt. (Exhibit "C", page 8, ¶¶ 11-25).

Moreover, the least sophisticated consumer standard encompasses a materiality requirement, meaning that statements must be materially false or misleading to be actionable under the FDCPA. See Cohen v. Rosicki, Rosicki & Assocs., P.C., 897 F.3d 75 (2d Cir. 2018) citing Jensen v. Pressler & Pressler, 791 F.3d 413, 421 (3d Cir. 2015); Elyazidi v. SunTrust Bank, 780 F.3d 227, 234 (4th Cir. 2015); Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1033-34 (9th Cir. 2010); Miller v. Javitch, Block & Rathbone, 561 F.3d 588, 596 (6th Cir. 2009); Hahn v. Triumph P'ships LLC, 557 F.3d 755, 757-58 (7th Cir. 2009). These courts have determined that a statement is material "if it is capable of influencing the decision of the least sophisticated [consumer]." Jensen, 791 F.3d at 421; see also Hahn, 557 F.3d at 758 ("A statement cannot mislead unless it is material, so a false but non-material statement is not actionable."). The Hahn Court found that, "the FDCPA was designed to give consumers reliable information so that they can make informed decisions about how to address debts, and the materiality requirements is thus a corollary to the well-established proposition that if a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA, even if it is false in some technical sense." Id. at 758. A false statement is only actionable under the FDCPA is it has the potential to affect the decision-making process of the least sophisticated consumer. Jensen, 791 F.3d at 421.

Monarch's February 12, 2020 initial collection letter does not contain any false statements and in no way altered the decision making process of Plaintiff as least sophisticated consumer, or have an effect on Plaintiff. This is further evidenced by Plaintiff's behaviors as at no time, either verbally or in writing, did Plaintiff dispute his debt.

As there were no statements in Monarch's February 12, 2020 initial collection letter that were materially false or misleading, it is Monarch's position that summary judgment should be granted in its favor in regarding to Plaintiff's claims against it pursuant to 15 U.S.C. §. 1692e

> **C. Monarch's February 12, 2020 initial collection letter properly placed Plaintiff on notice that disputes regarding his First Premier Debt and requests for the name and address of the original creditor had to be made in writing.**

In his Amended Class Action Complaint Plaintiff alleges that Monarch's February 12, 2020 initial collection letter regarding his First Premier Bank debt failed to provide an accurate validation notice in violation of 15 U.S.C. §§ 1692g(a)(4) and 1692g(a)(5). (ECF 9, page 9, ¶ 45). 15 U.S.C. § 1692g requires a debt collector, within five days after the initial communication – unless done so in that communication – to notify the consumer in writing that unless they dispute the validity of their debt thirty days after receipt of the notice "the debt will be assumed to be valid by the debt collector." Girdler v. Convergent Outsourcing, Inc., 2016 U.S. Dist. LEXIS, *3 (D. Mass. Dec. 29, 2016) citing 15 U.S.C. § 1692g. Under Section 1692g(a)(4) of the FDCPA, debt collectors must provide consumers with notice that "if the consumer notifies the debtor *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. Tekkoc v. Paula G. Kaplan Atty. at Law, 2018 U.S. Dist. LEXIS 59889, *22-23 (D. N.J. Apr. 6, 2018); 15 U.S.C. § 1692g(a)(4); Parker v. CMRE Fin. Servs., 2007 U.S. Dist. LEXIS 82272, * 8 (S.D. Cal. Nov. 5,

2007) citing <u>Terran v. Kaplan</u>, <u>109 F.3d 1428, 1432</u> (9th Cir. 1997). Similarly, under <u>15 U.S.C. § 1692g(a)(5)</u>, debt collectors must provide consumers with a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. <u>Ardino v. Lyons</u>, <u>2011 U.S. Dist. LEXIS 143586, *11</u> (D.N.J. Dec. 14. 2011); <u>Bankston v. Phycom Corp.</u>, <u>2008 U.S. Dist. LEXIS 83073</u>, * 8 (N.D. Cal. Sept. 25, 2008); <u>15 U.S.C. § 1692g(a)(4)</u>. Sections 1692g(a)(4) and (5) expressly require debt collectors to inform consumers that if they "notif[y] the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt," and that "upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." 15 U.S.C. §§ 1692g(a)(4) and (5). <u>Illobre v. Fin. Recovery Servs.</u>, <u>2016 U.S. Dist. LEXIS 153525</u> (S.D.N.Y. Nov. 3, 2016).[2]

Monarch's February 12, 2020 initial collection letter regarding Plaintiff's First Premier Bank account contains the following language:

**Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid. If you notify this office in writing within 30 days from receipt of this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment and mail it to you. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.**

(See Exhibit "B").

---

[2] It must be brought to the Court's attention that in Plaintiff's Amended Class Action Complaint he does not specifically allege that Monarch's February 12, 2020 initial collection letter violated <u>15 U.S.C. § 1692g(a)(3)</u>.

On April 20, 2021 the Honorable Judge Rya W. Zobel issued an Order in the current matter denying Monarch's Motion for Judgment on the Pleadings. (See ECF 24). The Order was instructive on the operation of 15 U.S.C. §§ 1692g(a)(4). Specifically, Judge Zobel found that 15 U.S.C. § 1692g(a)(4) requires a debtor to dispute a debt in writing if he also seeks verification of the debt. (ECF 24, page 1). Judge Zobel's Order also included a citation to Macy v. GC Servs. Ltd. P'ship, 897 F.3d 747, 758 n.9 (6th Cir. 2018) where it was held that, "Congress distinguished between FDCPA protections that may be triggered orally (such as those in Section 1692g(a)(3)), and those that may only be invoked in writing (such as the ones in Sections 1692g(a)(4), (a)(5) and (b)).").

Here, it is clear that there is no genuine issue of material fact regarding whether or not Monarch's February 12, 2020 initial collection letter violated 15 U.S.C. §§ 1692g(a)(4) as the body of the letter clearly and conspicuously placed Plaintiff on notice that if he notified Monarch in writing within 30 days of his receipt of the initial collection letter that he disputed the debt that Monarch would obtain verification of the debt or a copy of the judgment and mail the documentation to Plaintiff. (Exhibit "B"). Similarly, the February 12, 2020 initial collection letter did not violate 15 U.S.C. § 1692g(a)(5) as the letter specifically informed Plaintiff that if he made a request to Monarch in writing within 30 days of his receipt of the initial collection letter for the name and address of the original creditor he would be provided with the informaiton, if different from the current creditor. (Exhibit "B"). Monarch's February 12, 2020 initial collection letter properly follows the language of 15 U.S.C. § 1692g and there is no evidence to suggest that any of the additional content of the February 12, 2020 initial collection letter overshadowed the disclosures required by 15 U.S.C. § 1692g(a)(4) or 1692g(a)(5). Thus, it is Monarch's position that there is no genuine issue of material fact as to the February 12, 2020 initial collection letter

violating 15 U.S.C. §§ 1692g(a)(4) or 1692g(a)(5) whereby summary judgment should be granted in favor of Monarch and Plaintiff's claims pursuant to 15 U.S.C. §§ 1692g(a)(4) and 1692g(a)(5) are dismissed, with prejudice.

### IV.     CONCLUSION:

For the reasons stated in this Memorandum of Law Defendant, Monarch Recovery Management, Inc. respectfully requests that its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 be granted, whereby each claim in Plaintiff's Amended Class Action  Complaint is dismissed, with prejudice.

**MARGOLIS EDELSTEIN**

BY:     */s/ Ronald M. Metcho*
         RONALD M. METCHO
         220 Penn Avenue, Suite 305
         Scranton, PA 18503
         (570) 342-4231 p / (570) 342-4841 f
         rmetcho@margolisedelstein.com
         Attorneys for Defendant
         Monarch Recovery Management, Inc.

Dated:  March 25, 2022