IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SHERWYIN ROCKE**, *individually and on behalf of all others similarly situated,*<br><br>**Plaintiff,**<br><br>-against-<br><br>**MONARCH RECOVERY MANAGEMENT, INC.,**<br><br>**Defendant.** | Civil Case Number: 1:20-cv-11736-RWZ |

Plaintiff, SHERWYIN ROCKE, by his counsel, MARCUS ZELMAN, LLC, hereby responds to Defendant's First Set of Interrogatories as follows:

### RESPONSE TO INTERROGATORIES

1. Provide the date in which you entered into the agreement with First Premier Bank in regard to the account which is at issue in this matter.

**ANSWER: Plaintiff objects to this Interrogatory, which seeks information that is beyond the scope of discovery, in that it is not relevant to any party's claim or defense and further seeks information which is vague, overbroad, not limited in temporal scope, and disproportional to the needs of the case.**

Subject to the foregoing objections, Plaintiff does not know the date he entered into the agreement with First Premier Bank in regards to the account at issue in this action.

2. Provide the date and amount of each payment that you made to First Premier Bank regarding the account which is at issue in this matter.

**ANSWER: Plaintiff objects to this Interrogatory, which seeks information that is beyond the scope of discovery, in that it is not relevant to any party's claim or defense and further seeks information which is vague, overbroad, not limited in temporal scope, and disproportional to the needs of the case.**

**Subject to the foregoing objections, Plaintiff does not have any information responsive to this Interrogatory.**

3. Provide the date and amount of each payment that you made to Monarch regarding the account which is at issue in this matter.

**ANSWER: Plaintiff objects to this Interrogatory, which seeks information that is beyond the scope of discovery, in that it is not relevant to any party's claim or defense and further seeks information which is vague, overbroad, not limited in temporal scope, and disproportional to the needs of the case.  Plaintiff also objects to this Interrogatory, which seeks information already in Monarch's possession.**

**Subject to the foregoing objections, Plaintiff does not have any information responsive to this Interrogatory.**

4. Provide the specific date in which you received Monarch's initial collection letter dated February 12, 2020 regarding the First Premier Bank debt at issue.

**ANSWER:  Plaintiff cannot recall the exact date he received this Letter, but believes it was in mid-late February of 2020.**

5. Provide the specific date in which you read Monarch's initial collection letter dated February 12, 2020 regarding the First Premier Bank debt at issue.

**ANSWER: Plaintiff cannot recall the exact date he received this Letter, but believes it was in mid-late February of 2020.  Plaintiff then read the Letter upon receiving it.**

6. Did you send any written disputes to Monarch regarding your First Premier Bank debt? If your answer is "yes", please provide the date in which you sent the written dispute and the address to where you sent the written dispute.

**ANSWER: No.**

7. Did you make any verbal disputes to Monarch regarding your First Premier Bank debt? If your answer is "yes", please provide the date in which you made the verbal dispute and provide the name of the person(s) to whom the verbal dispute was made.

**ANSWER: No.**

8. Did you make any written requests to Monarch requesting the name and address of the original creditor regarding your First Premier Bank debt?  If your answer is "yes", please

    provide the date in which you made the written request to Monarch and describe the nature of your written request.

**ANSWER: No.**

9. Did you make any verbal requests to Monarch requesting the name and address of the original creditor regarding your First Premier Bank debt? If your answer is "yes", please provide the date in which you made the verbal request and provide the name of the person(s) to whom the verbal dispute was made.

**ANSWER: No.**

10. Provide the date, time and a detailed description of each purchase that you made with the First Premier Bank account at issue.

**ANSWER: Plaintiff objects to this Interrogatory, which seeks information that is beyond the scope of discovery, in that it is not relevant to any party's claim or defense and further seeks information which is vague, overbroad, not limited in temporal scope, and disproportional to the needs of the case.**

    **Subject to the foregoing objections, Plaintiff cannot possibly answer this Interrogatory without having his statements from First Premier Bank, which he does not have. However, Plaintiff opened this card for personal and household purposes, such as to purchase gas and groceries, and solely used the card for personal and household purposes, such as gas and groceries. Plaintiff did not open the card for any business purpose, and has never used the card for any business purpose.**

11. Describe in detail how you were confused and misled by Monarch's February 12, 2020 initial collection letter, as alleged in paragraph 25 of your Complaint.

**ANSWER: Monarch's initial collection letter illegally instructed the Plaintiff that, if he wished to dispute the First Premier debt, any such dispute would have to be in writing.**

12. Describe the real harm that you suffered from Monarch's alleged failure to provide you with the statutory information that you were entitled to, as alleged in paragraph 26 of your Complaint.

**ANSWER: Plaintiff was harmed by (1) being subjected to deceptive and misleading collection practices, from which he had a substantive right to be free, (2) by being subjected to the increased material risk of financial harm that Congress intended to prevent by enacting the FDCPA – to wit, that Plaintiff, influenced by misleading information, would make decisions that he may not have had he been given only truthful information, and (3) by being deprived of a clear and concise understanding of his rights regarding how to dispute a debt.**

13. Describe in detail how you were harmed by Monarch, as alleged in paragraph 27 of your Complaint.

**ANSWER: Plaintiff was harmed by (1) being subjected to deceptive and misleading collection practices, from which he had a substantive right to be free, (2) by being subjected to the increased material risk of financial harm that Congress intended to prevent by enacting the FDCPA – to wit, that Plaintiff, influenced by misleading information, would**

**make decisions that he may not have had he been given only truthful information, and (3) by being deprived of a clear and concise understanding of his rights regarding how to dispute a debt.**

14. Describe in detail Monarch's deceptive and misleading collection practices regarding your First Premier Bank debt, as alleged in paragraph 27 of your Complaint.

**ANSWER: As alleged in the Complaint, Monarch's initial collection letter deceptively misled the Plaintiff by instructing him that, if he wished to dispute the First Premier debt, any such dispute would have to be in writing.**

15. Describe in detail the increased material risk of financial harm that Monarch subjected you to, as alleged in paragraph 27 of your Complaint.

**ANSWER: Plaintiff was harmed by (1) being subjected to deceptive and misleading collection practices, from which he had a substantive right to be free, (2) by being subjected to the increased material risk of financial harm that Congress intended to prevent by enacting the FDCPA – to wit, that Plaintiff, influenced by misleading information, would make decisions that he may not have had he been given only truthful information, and (3) by being deprived of a clear and concise understanding of his rights regarding how to dispute a debt.  More specifically, Plaintiff did not dispute his debt because of the extra hurdle created by the in-writing requirement, but would have disputed the debt if he had known that he could do so over the phone.**

16. Describe in detail the clear and concise understanding of your rights that you were deprived of by Monarch, as alleged in paragraph 27 of your Complaint.

**ANSWER:  Monarch's initial collection letter deceptively misled the Plaintiff by instructing him that, if he wished to dispute the First Premier debt, any such dispute would have to be in writing.**

17. Describe in detail the common questions of law and fact that exist as to all members of the alleged class which predominate over any questions or issues involving only individual members of the alleged class, as alleged in paragraph 35(b) of your Complaint.

**ANSWER:  There are a number of common questions of law and fact that exist as to the Plaintiff and all members of the proposed class, including – primarily – whether Defendant violated Section 1692e and 1692g of the FDCPA by requiring in its Validation Notice that all disputes must be in writing.**

18. Describe in detail your claims are typical of the claims of the members of the alleged class, as alleged in paragraph 36(c) of your Complaint.

**ANSWER:   Plaintiff's claims are typical of those of the class members, because Plaintiff received the exact same boilerplate collection letter sent to the proposed class members.**

19. Describe in detail how you will fairly and adequately protect the interests of the alleged class members, as alleged in paragraph 36(c) of your Complaint.

**ANSWER:   Plaintiff is prepared to fully participate in this action, including by assisting his counsel with discovery and by testifying at a deposition.  Plaintiff is further unaware of any conflicts between his interests and the interests of the class members.**

20. Describe in detail how you will vigorously litigate this matter, as alleged in paragraph 36(d) of your Complaint.

**ANSWER: Plaintiff has retained counsel experienced in FDCPA class action litigation. Plaintiff and his counsel are committed to vigorously litigating this case, having a class certified in this action, and having statutory damages awarded to the Plaintiff and the class at summary judgment or trial.**

21. Describe in detail why a class action in this matter is superior to other available methods for the fair or efficient adjudication of this controversy, as alleged in paragraph 36 of your Complaint.

**ANSWER: Defendant has disclosed that it sent this same exact boilerplate collection letter to 746 class members in Massachusetts in a single year, all in an attempt to collect debts owed to First Premier Bank.  A class action will allow the Court to decide these 746 cases in one lawsuit, rather than through 746 identical lawsuits, and is plainly a superior way to address these hundreds of claims.**

22. Describe in detail how Monarch violated <u>15 U.S.C. §§ 1692e</u>, <u>1692e(2)</u>, <u>1692e(5)</u> and 1692e(10) during its attempts to recover your First Premier Bank debt, as alleged in paragraph 39 of your Complaint.

**ANSWER: Monarch's initial collection letter illegally instructed the Plaintiff that, if he wished to dispute the First Premier debt, any such dispute would have to be in writing.**

23. Describe in detail how Monarch's February 12, 2020 initial collection letter violated 15 U.S.C. § 1692g, as alleged in paragraph 44 of your Complaint.

**ANSWER: Monarch's initial collection letter illegally instructed the Plaintiff that, if he wished to dispute the First Premier debt, any such dispute would have to be in writing.**

24. Describe in detail the specific content of Monarch's February 12, 2020 initial collection letter that overshadowed the validation notice in the letter, as alleged in paragraph 45 of your Complaint.

**ANSWER: Defendant's statement in this collection letter that "Unless you notify this office <u>in writing</u> within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume that this debt is valid..." (underlining added for emphasis).**

25. Describe in detail the actual damages that you suffered as a result of Monarch's collection activity regarding your First Premier Bank debt.

**ANSWER: Plaintiff is not seeking actual damages in this action. Plaintiff therefore objects to this Interrogatory, which seeks information that is beyond the scope of discovery, in that it is not relevant to any party's claim or defense and further seeks information which is vague, overbroad, not limited in temporal scope, and disproportional to the needs of the case.**

Dated: July 20, 2021

By: /s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New York 07712
Phone: 732-695-3282
Fax:     732-298-6256
Email: yzelman@MarcusZelman.com
*Attorney for the Plaintiff*
*Sherwyin Rocke*