UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:20-CV-11736-RWZ

SHERWYN ROCKE, individually and
on behalf of all others similarly situated

v.

MONARCH RECOVERY MANAGEMENT, INC.

MEMORANDUM & ORDER

January 25, 2023

ZOBEL, S.D.J.

Plaintiff, Sherwyn Rocke brought a class action complaint alleging that Defendant, Monarch Recovery Management, Inc., violated Sections 1692e and 1692g of the Fair Debt Collection Practices Act ("FDCPA"). Docket # 9. Plaintiff and Defendant each filed a motion for summary judgment (Docket ## 48, 49).

The evidence demonstrates that Defendant sent Plaintiff a collection letter, stating that it would assume the debt was valid unless Plaintiff notified Defendant "in writing" to dispute its validity. See Docket # 50-2. The "in writing" requirement was in contravention of 15 U.S.C. Section 1692g and therefore also a "false, deceptive, or misleading representation" as prohibited by 15 U.S.C. Section 1692e. See Docket # 24 (this court's order denying Defendant's motion for judgment on the pleadings).

Defendant argues (1) that Plaintiff lacks standing, (2) that he was not subject to a "consumer debt," and (3) that he failed to allege a violation of the FDCPA. However, Plaintiff has standing based on the undisputed fact that Defendant sent Plaintiff a

1

communication that was "inconsistent with the required validation notice" language. See Pollard v. L. Off. of Mandy L. Spaulding, 766 F.3d 98, 102 (1st Cir. 2014) (finding standing where debt collector violated Section 1692g of the FDCPA based on the statutory violation "in and of itself"). Additionally, the debt at issue meets the "consumer debt" standard because the undisputed testimony evidence demonstrates that the alleged obligation arose "out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a. Finally, Count I of the First Amended Complaint alleges violations of 15 U.S.C. Section 1692e *et seq.* and Count II alleges violations of 15 U.S.C. Section 1692g *et seq.* The undisputed facts demonstrate that Defendant violated both sections of the FDCPA.

Wherefore, Plaintiff's Motion for Summary Judgment (Docket # 49) is ALLOWED and Defendant's Motion for Summary Judgment (Docket # 48) is DENIED.

1/25/23
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE